NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESTEBAN HERNANDEZ,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>HOWELL, warden; ARANAS, Dr.; JAMES DZURENDA; NEVADA DEPARTMENT OF CORRECTIONS; SDCC; NEVADA DEPARTMENT OF CORRECTIONS; MICHAEL MINEV; LANDSMAN, Dr.,<br><br>    Defendants-Appellees. | No. 22-16922<br><br>D.C. No. 2:18-cv-01449-MMD-CLB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 22, 2024**

Before: CALLAHAN, LEE, and FORREST, Circuit Judges.

Nevada state prisoner Esteban Hernandez appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

---

 * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Hernandez failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Hernandez's Hepatitis C and liver mass. *See id.* at 1057-60 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to the prisoner's health; medical malpractice, negligence, or difference of opinion concerning the course of treatment does not amount to deliberate indifference); *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013) (a supervisor may be held liable only "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

Hernandez's challenge to the district court's denial of his motion for preliminary injunctive relief is moot. *See Mt. Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1450 (9th Cir. 1992) (when underlying claims have been decided, the reversal of a denial of preliminary injunction would have no practical consequences, and the issue is therefore moot).

The district court did not abuse its discretion in denying Hernandez's

22-16922

discovery motions. *See Quinn v. Anvil Corp.*, 620 F.3d 1005, 1015 (9th Cir. 2010) (setting forth standard of review); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (discovery rulings "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant" (citation and internal quotation marks omitted)).

**AFFIRMED.**

22-16922